TABAK, MELLUSI & SHISHA, LLP
29 Broadway
New York, New York 10006
Attorneys for Plaintiff
Tel: (212) 962-1590
Fax: (212) 385-0920

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 0 6 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CARLOS SOTO,

        Plaintiff,

  -   against   -

MAERSK LINE, LIMITED,
And M/V MAERSK ARKANSAS,
Her equipment, apparati, etc.

        Defendants.
----------------------------------X

09 Civ.

COMPLAINT

Plaintiff Demands
Trial by Jury

MAUSKOPF, J

CARTER, M.J.

### ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY OR PREPAYMENT OF FEES

Plaintiff, CARLOS SOTO, complaining of the defendants, respectfully states and alleges upon information and belief:

1.    Jurisdiction arises under 28 U.S.C. § 1331 pursuant to the "JONES ACT", 46 U.S.C. § 10304 et. seq., and the General Maritime and Admiralty Laws of the United States.

### FIRST CAUSE OF ACTION - JONES ACT AND UNSEAWORTHINESS

2.    On or about January 12, 2008 and all times relevant to the claims herein, defendant MAERSK LINE, LIMITED, (hereinafter "MLL") was and is a corporation, doing business within the Court's jurisdiction.

1

3. On or about January 12, 2008 and all times relevant to the claims herein, defendant "MLL" was the owner of the M/V MAERSK ARKANSAS (hereinafter 'ARKANSAS").

4. On or about January 12, 2008 and all times relevant to the claims herein, MLL operated the ARKANSAS.

5. On or about January 12, 2008 and all times relevant to the claims herein, MLL managed the ARKANSAS.

6. At all relevant times, defendant MML, hired the crew of the ARKANSAS.

7. At all relevant times, plaintiff was a member of the crew of the ARKANSAS.

8. On or about January 12, 2008 the plaintiff suffered serious and permanent personal injuries in the course of his employment aboard the aforesaid vessel.

9. On or about January 12, 2008 while plaintiff was using a circular saw he was caused to injure his left hand when the saw kicked back..

10. That the defendant was negligent in failing to have proper equipment to cut wood; in failing to have sufficient crew and/or supervision to assist in the cutting of wood; in failing to have proper instruction and training for the use of circular saws; in failing to have a safety evaluation and risk analysis for the using circular saws as to the danger of kickback and how to reduce it.

11. That by reason of the aforesaid the vessel was unseaworthy.

12. That by reason of the foregoing the plaintiff was disabled and has undergone medical care and was disabled from his employment, has suffered injuries, incurred medical expenses, loss of wages and benefits, pain and suffering, and may incur in the future loss of earnings and benefits, may require to undergo further medical care and

attention, and will incur future pain and suffering in the sum of TWO MILLION DOLLARS ($2,000,000.00).

## SECOND CAUSE OF ACTION MAINTENANCE & CURE

13. That the plaintiff repeats and realleges all of the foregoing paragraphs of the complaint numbered 1 through 12, inclusive, with the same force and effect as if herein set forth at length.

14. As a result of injuries sustained aboard the ARKANSAS aforesaid, plaintiff was entitled to receive maintenance and cure benefits.

15. Plaintiff has not been properly or adequately been provided with maintenance and cure benefits and has sustained damages in amount not known at this time.

**WHEREFORE,** plaintiff demands judgment as follows:

Against the defendant MAERSK LINE, LIMITED, jointly and severally on the First Cause of action in the sum of TWO MILLION ($2,000,000.00) DOLLARS; and on the Second Cause of Action in an amount to be proved at trial together with pre-judgment interest and the costs and disbursements of this action.

TABAK, MELLUSI & SHISHA LLP
Attorneys for Plaintiff

BY: _____
JACOB SHISHA (JS 5452)
Office & P.O. Address
29 Broadway
New York, NY 10006
(212) 962-1590

3